United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VANCE JOHNSON, | No. C 10-3706 WHA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| RANDY GROUNDS, | |
| Respondent. / | (Docket No. 6) |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the denial of parole by the California Board of Parole Hearings ("Board"). Respondent has filed a motion to dismiss the petition for failing to state a valid claim for federal habeas relief. Petitioner has filed an opposition, and Respondent has filed a reply brief. For the reasons discussed below, the motion is **GRANTED**.

## STATEMENT

In 1985, petitioner was convicted of second-degree murder and assault with a deadly weapon, and he was sentenced to a term of twenty-five years to life in state prison. In 2008, the Board found petitioner unsuitable for parole. He challenged this decision without success in habeas petitions filed in all three levels of the California courts.

**ANALYSIS**

Petitioner claims are that the denial of parole violated his right to due process because it was not supported by any evidence that he would be a danger to society if released. The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The record is clear that petitioner had an opportunity to be heard and the parole hearing, and that the Board gave him a detailed statement of the reasons parole was denied (*see* Pet. Ex. A). The Constitution does not require more. *Ibid.* No Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* As it is clear from the record that petitioner received all of the procedural protections deemed necessary by the Supreme Court to satisfy the federal constitutional requirement of due process, petitioner's claim challenging on due process grounds the sufficiency of the evidence supporting the Board's decision is without merit.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss (docket number 6) is **GRANTED** and the case is **DISMISSED**. Petitioner has failed to make a substantial showing that a reasonable jurist would find the grant of respondent's motion to dismiss debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December 9, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\JOHNSON3706.MTD.wpd